UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAIMLERCHRYSLER MOTORS CO.,

             Plaintiff,

                                          Case number 02-74996
v.                                        Honorable Julian Abele Cook, Jr.

SKUZA MOTORSPORTS, INC.,

             Defendant.

_____

In a motion for summary judgment, the Plaintiff/Counter-Defendant, DaimlerChrysler

Motors Company, Incorporated ("Chrysler"), contends that the Defendant/Counter-Plaintiff, Skuza

Motorsports, Incorporated ("Skuza"), has failed to assert a genuine issue of a material fact as it

relates to the question of ownership over the Dodge Stratus "Funny Car" mold.   For the reasons

that are set forth below, Chrysler's motion must be denied.

I.

Skuza, a professional drag racing team, worked with Chrysler to develop the Dodge Stratus

"Funny Car" mold. Skuza maintains that the parties reached a mutual oral agreement that the

"Funny Car" mold" would be jointly owned by both parties.[1] *See* Skuza's Br., at 3 & 4. Subsequent

to the development of this "Funny Car" mold, the parties entered into a Motorsport Racing

Agreement, which was designed to cover the 2001 and 2002 racing seasons ("2001-2002 MRA").[2]

_____

[1]Chrysler takes issue with this claim, contending that it never relinquished sole ownership
of the "Funny Car" mold.

[2]Consistent with their past practice, Skuza submits that the oral agreement regarding the
development and joint ownership of the "Funny Car" mold was neither incorporated, addressed,
nor discussed in any of the parties' written agreements.  Skuza's Br., at 4-5.

As Skuza's sponsor, Chrysler was obligated, *inter alia*, under the 2001-2002 MRA to pay $1,000,000 to Skuza for each racing season. However, Chrysler, acting within the terms of its contract, terminated the 2001-2002 MRA toward the end of the 2001 racing season. Sometime thereafter, Chrysler, through its Drag Racing-Sprint Car Program Manager, Brett Fischer, sought to determine if Skuza would be interested in continuing to race its cars during the 2002 racing season in exchange for a lesser amount of compensation; to wit, $750,000, which represented a decrease of $250,000 from their prior agreement. In light of this proposed reduction in monetary compensation, Fischer offered Skuza two additional incentives. As it relates to this pending motion, Skuza submits that Fischer, on the behalf of Chrysler, orally agreed to relinquish all claims of ownership to the "Funny Car" mold.[3] Following negotiations, the parties entered into a Motorsport Racing Agreement for the 2002 racing season ("2002 MRA").

Toward the completion of the 2002 racing season, Chrysler terminated the 2002 MRA. Thereafter, Skuza talked with Chrysler about implementing an arrangement for the sharing of revenue in connection with the sale of the "Funny Car" bodies. Chrysler responded by denying that Skuza has ever had a propriety interest in the "Funny Car" mold.

On August 19, 2004, Chrysler filed a motion, seeking a ruling from the Court that would, in essence, summarily declare it to be the owner of the "Funny Car" mold. As the result of a hearing on December 14, 2004, Chrysler's motion was denied.[4] *See* Chrysler's Br., at Ex. E, pp.

---

[3]According to Skuza, Chrysler's other proposed incentive would have allowed it to select six mutually agreed upon color and graphic schemes for their race vehicles during the 2002 racing season. Chrysler challenges the validity of Skuza's claim. This issue has been specifically addressed by the Court in a separate order.

[4]The Court issued an Order on January 12, 2005 which affirmed its oral ruling on December 14, 2004.

32-34 (transcript of hearing).  In its ruling, the Court held:

> [I]n my exploration of the agreement [the 2002 MRA], . . . there is nothing
> within the agreement which refers to [the] mold.  If I view the agreement in
> its entirety, as I believe I must, it clearly indicates that the parties did not
> consider, or if they did consider it, did not incorporate, the issue of the
> [Mold].  While I believe that the agreement is binding in its scope on the
> parties' respective rights, I do not believe that the issue of ownership of the
> mold . . . is incorporated within the agreement.  Keeping in mind the
> standards that I have applied to summary judgment issues, I must conclude
> because of the absence of any specific language which deals with the mold,
> that there is a genuine issue of material fact.  Skuza says that it should be
> allowed to produce parol evidence or some evidence of the ownership.
> DaimlerChryser takes a different position.  I believe that reasonable people
> could differ on this issue.  And I do not believe that there is — that the facts
> that are before me, which basically consist of references to the agreements
> between the parties, is sufficient to warrant the granting of a motion for
> summary judgment on this issue.  So to that extent and without basis and
> without making a determination as to the ownership rights, it is my belief
> that the DaimlerChrysler's motion for summary judgment must be denied.

Chrysler's Br., at Ex. E, pp. 33-34 (transcript of hearing).

On January 24, 2005, Chrysler filed a motion for reconsideration, which was denied on

March 15, 2005.  In this Order, the Court declared, in part, as follows:

> there is no absolutely no language within the agreement which indicates, suggests
> or even touches upon the parties' intent with regard to the rights of ownership to the
> funny car mold. . . . Hence, the intent of the parties on the issue of 'funny car'
> ownership cannot be determined upon a reading of the agreement.  Therefore, this
> Court cannot, as a matter of law, confer ownership rights of the 'funny car' mold
> to either party."  March 15, 2005 Order, at 2-3.

Chrysler now makes another request for the entry of a summary judgment regarding the

ownership of the "Funny Car" mold on different grounds; namely, "[w]hether Skuza can prove the

existence of an ownership interest in the mold via an agreement separate and apart from the 2002

MRA."

II.

In noting that this issue is now before the Court for the third time, it is readily apparent that

Chrysler's pending motion for summary judgment is essentially a thinly disguised request for

reconsideration with a new set of arguments. Accordingly, Chrysler's motion shall be denied for

three distinct reasons:

First and foremost and pursuant to E.D. Mich. LR 7.1(g)(1), a motion for reconsideration

must be filed "within 10 days after entry of the . . . order." Chrysler's pending motion was filed

on July 22, 2005, which is more than five months subsequent to the entry of the January 12, 2005

Order. Therefore, Chrysler's pending motion is untimely.

Second, the Sixth Circuit Court of Appeals is quite clear on dealing with a party's attempt

to present new arguments in a motion for reconsideration. It has held that "[a] trial court may

grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an

intervening change in the controlling law; (2) because evidence not previously available has

become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice."[5] *Hayes*

*v. Norfolk Southern Corp.*, 25 Fed. Appx. 308, 315 (6th Cir. 2001). Therefore, "[i]t is well

established . . . that a district court does not abuse its discretion in denying a Rule 59 motion [(i.e.,

a motion for reconsideration)] when it is premised on evidence that the party had in its control prior

---

[5] "[A] motion for reconsideration, . . . if served within 10 days of the entry of judgment,
are considered motions to alter or amend judgments pursuant to Fed. R. Civ. P. 59(e)." *Basinger
v. CSX Transportation, Inc.*, 91 F.3d 143, **2 (6th Cir. 1996) (unpublished opinion) (citing *Huff
v. Metropolitan Life Insurance Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).

to the original entry of judgment." *Id.* (citation omitted).

Here, Chrysler's pending motion only "[p]resents a [n]ew [a]rgument on the ['Funny Car']

mold [o]wnership [i]ssue." Chrysler's Br., at 12. When reading this current request for relief and

after superimposing the *Hayes* standard to this pending motion, Chrysler has failed to argue that

(1) there was an intervening change in the controlling law, (2) new evidence has become available,

(3) there was a clear error of law, or (4) there was manifest injustice. Rather, Chrysler is simply

attempting to present a new argument based on the same set of facts and evidence "that [it] had in

its control prior to the original entry of judgment."[6] *Hayes*, 25 Fed. Appx. at 315.

Finally, E.D. Mich. LR 7.1(g)(3) provides that

> Generally, and without restricting the court's discretion, the court will not
> grant motions for rehearing or reconsideration that merely present the same issues
> ruled upon by the Court, either expressly or *by reasonable implication*. The movant
> shall not only demonstrate a palpable defect by which the Court and the parties have
> been misled but also show that correcting the defect will result in a different
> disposition of the case.

(emphasis added).

The ruling by the Court at the December 14, 2005 hearing as well as in its March 15, 2005

Order which denied Chrysler's requests for reconsideration *implicitly* addressed the new arguments

within the current motion. Although the Court focused its attention upon the language within the

2002 MRA, it implicitly concluded that there is a genuine issue of a material fact as to whether a

---

[6]More specifically, although Chrysler's first motion for summary judgment regarding the
ownership of the "Funny Car" mold was based on the language in the 2002 MRA, it, through its
current motion for summary judgment, argues that "Skuza cannot prove the existence of any
separate contract between [Chrysler] and Skuza transferring mold ownership rights from
[Chrysler] to Skuza." Chrysler's Br., at 12. It is also worth noting that Chrysler's "new"
argument could have also been made in its first motion for reconsideration filed on January 24,
2005.

separate oral agreement ever existed among the parties.

III.

Therefore, and for the reasons stated above, the Court concludes that Chrysler's motion for summary judgment regarding ownership of the "Funny Car" mold must be, and is, denied.


IT IS SO ORDERED.

DATED:     March 3, 2006                                          s/ Julian Abele Cook, Jr.
                    Detroit, Michigan                                      JULIAN ABELE COOK, JR.
                                                                                     United States District Judge




Certificate of Service

I hereby certify that on March 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                             s/ Kay Alford
                                                                             Courtroom Deputy Clerk