UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAIMLERCHRYSLER MOTORS CO.,

        Plaintiff,

v.

Case number 02-74996
Honorable Julian Abele Cook, Jr.

SKUZA MOTORSPORTS, INC.,

        Defendant.

## ORDER

Before the Court is a motion by the Plaintiff/ Counter-Defendant, DaimlerChrysler Motors Company, Incorporated ("Chrysler"), who seeks to obtain the entry of a summary judgment against the Defendant/Counter-Plaintiff, Skuza Motorsports, Incorporated ("Skuza"), as it pertains to a claim of lost licensing royalties. For the reasons that are set forth below, the Court denies Chrysler's motion.

I.

Skuza Motorsports, a professional drag racing team, reached an agreement ("Motorsport Racing Agreement") with Chrysler which covered the 2001 and 2002 racing seasons ("2001-2002 MRA"). In general, Skuza agreed to race Chrysler-made vehicles with Chrysler's sponsorship in exchange for $1,000,000 for each racing season. However, Chrysler, acting within the parameters of the terms of the 2001-2002 MRA, elected to terminate its contract with Skuza near the end of the 2001 racing season. As the parties looked toward the next racing season, Chrysler sought to determine if Skuza would be interested entering a new agreement for the 2002 racing season in exchange for $750,000, a figure which represented a reduction of $250,000 from their earlier

contractual arrangement.

According to Skuza, Chrysler proffered two proposals as incentives to accept its $750,000 offer, both of which are the subjects of a pending motion for summary judgment before the Court. In one of its proposals, Chrysler indicated that it would allow Skuza acquire sole ownership of the Dodge Stratus "Funny Car" mold, which, at the time of this alleged suggestion, was jointly owned by the parties.[1] In its second proposal, Skuza asserts that Chrysler agreed to allow it to select a maximum of six mutually agreed color and graphic schemes for application onto its race vehicles during the 2002 race season.[2] Skuza accepted the proposals, and, thereafter, the parties entered into a Motorsport Racing Agreement for the 2002 race season ("2002 MRA").

Chrysler, through Brett Fischer, its Drag Racing-Sprint Car Program Manager, initially agreed to a color and graphic scheme in which the name of an associate sponsor of Skuza, Cornwell Tools, would be prominently displayed on a Skuza race vehicle during a June 2002 racing event in Columbus, Ohio. However, Skuza submits that Chrysler (1) reneged on this commitment, and (2) insisted that it would not agree to any color and graphic changes until Skuza won its first race. When Skuza did not win a single race during the 2002 racing season, it neither made nor proposed to make any additional color and graphic schemes to Chrysler. Nevertheless, Skuza submits that Chrysler's unilateral change in the parties' agreement caused it to lose anticipated license royalties from the die-cast collectibles.

---

[1] The issue relating to the "Funny Car" mold has been addressed by the Court in a separate Order.

[2] Skuza contends that, with the ability to change the race vehicles' color scheme six times during the 2002 race season, it would have been able to earn additional collectibles revenue. Under this arrangement, Skuza had planned to market different versions of die-cast collectible models (1/24 scale models) of its race vehicle at racing events. In turn, Skuza expected to earn licensing royalties off of each different version of collectible die-cast models that were marketed and sold.

Chrysler disputes Skuza's version of the events, contending that it "allowed Skuza to have collectibles made that displayed the one and only color/graphic scheme change that it proposed to [Chrysler] for the 2002 race season." Chrysler's Br., at 2. Believing that there are no genuine issues of a material fact remaining on this singular issue, Chrysler now moves for the entry of a summary judgment in connection with Skuza's claimed loss of license royalties. In support of its motion, Chrysler submits that (1) there is no proof that "[it] caused Skuza to lose any licensing royalties," and (2) "Skuza's claim is too speculative to warrant any recovery." Chrysler's Br., at 1.

II.

In 1986, the Supreme Court opined that "[o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). At the same time, the language within Fed.R. Civ. P. 56© provides that a motion for summary judgment should be granted only if a party "show[s] that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Applying the *Celotex* standard to this case, the burden is upon Chrysler to demonstrate the absence of a genuine issue of a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In assessing this type of a dispositive motion, the Court must examine all pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to Skuza as the non-moving party. Fed. R. Civ. P. 56©; *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). It is not the role of this Court to weigh the facts. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435-36 (6th Cir. 1987). Rather, it is the duty of the Court to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."

3

*Anderson*, 477 U.S. at 250.

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Hence, Chrysler can demonstrate the absence of a genuine factual issue if it is able to present evidence which is sufficient to make the issue "so one-sided that [it] must prevail as a matter of law," *id.* at 252, or point to a failure by Skuza to present evidence that is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. Upon such a showing, Skuza, as the non-moving party, must act affirmatively to avoid the entry of a summary judgment. Fed. R. Civ. P. 56(e). A mere scintilla of supporting evidence is insufficient. *See Anderson*, 477 U.S. at 252, *quoted in Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). Indeed, "[i]f the evidence is merely colorable or is not significantly probative summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

### III.

In this pending motion for summary judgment, Chrysler, while acknowledging that it had rejected the request to feature Cornwell Tools' color/graphics on the race vehicle for the [June 2002] race. . ," maintains that Skuza was authorized "to have die-cast collectible models made with that scheme." Chrysler's Br., at 5. However, Skuza counters that "no one at Chrysler ever advised [it that] . . . collectibles with color and graphic schemes different from the color and graphic scheme of its actual Race Vehicles [could be sold on the open market]." Skuza's Br., at 4-5. Viewing these factual disputes in a light most favorable to Skuza, it is clear that genuine issues of material facts exist regarding the alleged breach; to wit, (1) if Chrysler's declination was reasonable in light of the parties agreement;[3] and (2) whether Chrysler allowed Skuza to market and sell die-cast

---

[3] Inasmuch as Chrysler claims to have permitted Skuza to sell collectibles with the rejected color and graphic scheme, it would not, as a matter law, excuse a breach of the

collectible models with the rejected color and graphic scheme and, if so, whether this would excuse a violation by Chrysler under the terms of the 2002 Motorsport Racing Agreement.[4]

Nonetheless, Chrysler maintains that, even if it did violate its contractual obligation relating to the proposed color scheme, Skuza had an affirmative obligation under Michigan contract law to minimize its claimed damages by proposing additional color and graphic schemes, as permitted under the parties' agreement. According to Skuza, it was warned by Fischer to "not even ask" Chrysler to change the color/graphic schemes until a victory had been achieved on the race tracks. Thus, when viewing these disputed facts under the standards that are associated with a dispositive motion, the Court concludes that the issue of whether Skuza undertook reasonable steps to minimize its damages under the circumstances of this case is a genuine issue of a material fact that should be properly submitted to a jury.

Finally, Chrysler maintains that it never received any of the suggested remaining five color and graphic schemes from Skuza. Hence, Chrysler posits that Skuza's claim for lost royalties runs counter to existing law in Michigan. Skuza responds with a proffer of evidence which purportedly establishes its loss of revenue resulting from Chrysler's alleged breach. *See Celotex Corp.*, 477 U.S. at 322 (non-moving party must present evidence "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial.").

Foremost, Chrysler's contention regarding the inadmissibility of the anticipated testimony by Skuza's damage expert would be more properly addressed in a motion in limine. On the basis of the record before the Court (which includes the expert's testimony), it cannot be concluded that

---

agreement between the parties.

[4] For instance, a reasonable jury could arguably conclude that although Chrysler allowed Skuza to market and sell die-cast collectible models to the general public with the rejected color and graphic scheme, this was an insufficient basis upon which to excuse a violation of the 2002 Motorsport Racing Agreement.

the evidence is "so one-sided that [Chrysler] must prevail as a matter of law." *Anderson*, 477 U.S. at 252. Therefore, since Chrysler's arguments regarding Skuza's claim of lost royalties rest on whether the evidence would establish damages with a "reasonable certainty" under Michigan contract law, there are genuine issues of a material fact which are properly within the jury's domain to weigh and consider. *See id.* at 250 (duty of court to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.").

Accordingly, Chrysler's motion for a summary judgment must be denied for the reasons that have been set forth above.

IT IS SO ORDERED.

DATED:  March 3, 2006                             s/ Julian Abele Cook, Jr.
        Detroit, Michigan                         JULIAN ABELE COOK, JR.
                                                  United States District Judge


Certificate of Service

I hereby certify that on March 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                  s/ Kay Alford
                                                  Courtroom Deputy Clerk